[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 22, 2005
THOMAS K. KAHN
CLERK

_____

No. 05-12221
Non-Argument Calendar
_____

D. C. Docket No. 03-00637-CV-F-S

ALITA STACK,

Plaintiff-Appellant,

versus

THE DEPARTMENT OF THE ARMY,
THE UNITED STATES OF AMERICA,
DR. FRANCIS J. HARVEY, Secretary
of the Army,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 22, 2005)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alita Stack appeals from the grant of summary judgment in favor of the Department of the Army, in this employment discrimination suit brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, alleging that the Army fired her in retaliation for filing a race discrimination claim with the Equal Employment Opportunity Commission ("EEOC claim").  Stack argues that the district court erred in failing to find that there was a genuine issue of material fact to deny summary judgment.  In particular, Stack claims she set forth sufficient evidence showing that the Army's proffered reasons for her termination were pretextual.[1]  Because we believe the district court properly granted summary judgment, we affirm.

We review a district court's grant of summary judgment de novo, viewing all the evidence, and drawing all reasonable inferences, in favor of the non-moving party.  Hulsey v. Pride Rests., LLC, 367 F.3d 1238, 1243 (11th Cir. 2004).  A party moving for summary judgment has the burden of showing that there is no genuine issue of material fact.  Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).  A party opposing a properly submitted motion for summary judgment may not rest

---

[1]Stack abandoned her claims for racial discrimination and a hostile work environment when she failed to rely upon them in summary judgment and to appeal the district court's ruling on this issue in her initial brief.  Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir. 1995) ("[G]rounds alleged in the complaint but not relied upon in summary judgment are deemed abandoned."); Allison v. McGhan Med. Corp., 184 F.3d 1300, 1317 n.17 (11th Cir. 1999) ("Issues that are not clearly outlined in an appellant's initial brief are deemed abandoned.").

upon mere allegations or denials of her pleadings, but must set forth specific facts showing that there is a genuine issue for trial. Id. However, a court may grant summary judgment if the evidence favoring the non-moving party is merely colorable or is not significantly probative. Raney v. Vinson Guard Service, Inc., 120 F.3d 1192, 1196 (11th Cir. 1997).

Having reviewed the record, we agree with the district court that Stack failed to refute the Army's proof that she was ultimately terminated for various violations of employment rules and procedures, including (1) being rude to a patient; (2) failing to wear gloves when taking blood; (3) attempting to reuse a needle after inadvertently sticking herself with it; (4) placing several patients in the wrong doctor's rooms; (5) failing to clean up a minor blood spill, in line with hospital policy; (6) failing to report to work one day as scheduled; and (7) making too many attempts to draw blood from a baby, resulting in excessive trauma to the child.

**AFFIRMED.**